1
2
3
4
5
6
7
8
9      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF WASHINGTON
10                 AT TACOMA
11
TYRONE WASHINGTON,
12
        Plaintiff,   Case No.  C05-5815RBL
13
    v.   REPORT AND
14                                 RECOMMENDATION
WASHINGTON STATE DEPARTMENT
15 OF CORRECTIONS *et al.*,   **NOTED FOR
                                March 24th, 2006**
16         Defendants.
17

18   This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge
19 pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and
20 MJR 4. On January 23rd, 2006 the court ordered plaintiff to show cause why this action should not be
21 dismissed as the action challenges the length of plaintiff's current confinement. (Dkt. # 6). Plaintiff challenges
22 infractions as retaliatory, but he was found guilty at hearings and lost good time as a sanction. Plaintiff's
23 response makes clear that he is indirectly challenging the loss of good time. (Dkt. # 7).
24                                   FACTS
25   Plaintiff challenges a number of infractions as retaliation. Plaintiff was found guilty of rule violations
26 and lost custody and good time credits as part of the sanctions imposed. (Dkt. # 7).
27   A complaint is subject to dismissal prior to service when a complaint is frivolous, fails to state a claim,
28 or contains a complete defense to the action on its face. The court may dismiss an in forma pauperis complaint

REPORT AND RECOMMENDATION
Page - 1

1  before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir.1987)

2  (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)). A plaintiff must allege a deprivation of a

3  federally protected right in order to set forth a prima facie case under 42 U.S.C. §1983. Baker v. McCollan, 443

4  U.S. 137, 140 (1979).

5       In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct

6  complained of was committed by a person acting under color of state law and that (2) the conduct deprived a

7  person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v.

8  Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).

9  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

10 Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985), *cert. denied*, 478 U.S. 1020 (1986).

11      Here, plaintiff challenges infractions and the findings of guilt that resulted in custody demotions and

12 loss of good time credits. The good time credits directly affect the length of time plaintiff will serve in prison.

13 When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and

14 the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that

15 imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500

16 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted

17 available state remedies **has no cause of action under § 1983 unless and until the conviction or**

18 **sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus**."

19 Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994)(emphasis added). The court added:

20
21     Under our analysis the statute of limitations poses no difficulty while the state
    challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of
    action for damages attributable to an unconstitutional conviction or sentence does not accrue
22     until the conviction or sentence has been invalidated.

23 Id. at 2374. "[T]he determination whether a challenge is properly brought under § 1983 must

24 be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the

25 invalidity of the judgment.' Id. If the court concludes that the challenge would necessarily imply the invalidity

26 of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of

27 habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (quoting Edwards v.

28 Balisok, 117 S.Ct. 1584, 1587 (1997)).

Plaintiff has not shown his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." <u>Heck v. Humphrey</u>, 114 S.Ct. 2364, 2373 (1994). At this point, the court must dismiss the plaintiff's 42 U.S.C. § 1983 claim for failure to state a claim.  Accordingly, this court recommends that this action be dismissed without prejudice as plaintiff may not seek habeas relief in a civil rights action.

## CONCLUSION

This action seeks to challenge the validity of sanctions imposed in disciplinary hearings which include loss of good time.  The action must proceed by way of habeas with its attendant exhaustion requirement.  This action must be dismissed without prejudice.   A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 24th, 2006**, as noted in the caption.

DATED this 22nd day of February, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3